the fourth district appellate court of the state of illinois has now convened the honorable james a connect presiding this is our case number 419 0158 people of the state of illinois versus richard cortez i'd like counsel for the appellant to state your name for the record my name is christopher copas thank you counsel and for the appellee luke mcneil gentlemen we are starting late because we had technical difficulties in our 10 o'clock argument regarding connectivity to the internet and some of the problems you may have faced in other oral arguments i don't know i think my internet caused the problems you may proceed thank you your honors may it please the court again my name is christopher copas and i represent the defendant richard cortez this appeal comes from the summary dismissal of richard cortez's first stage post-conviction petition the issue before this court is whether cortez has stated an arguable claim of an as applied constitutional challenge to his life sentence where he was 18 years old at the time of the offense and his personal characteristics resembled those of a juvenile so much so that a sentence that forswears the possibility of rehabilitation would be unconstitutional because cortez meets that low standard this court should reverse the summary dismissal of his petition and grant him the opportunity to develop his claim in the manner expressly encouraged by the illinois supreme court in harris turning to the facts of this case in 1990 richard richard cortez pled guilty to first degree murder the trial court found him death eligible but sentenced him to natural life in prison at the sentencing hearing there was indeed evidence supporting the miller versus alabama factors rendering it at least arguable that his development was similar to that of a juvenile at the time of the offense cortez was only 18 years old and we now know that the juvenile brain research that animated miller that whole line of cases applies beyond the age of 18 well into a person's mid-20s so a um so cortez being just over the age of adulthood is an important fact he had no criminal background whatsoever when he was growing up there was abuse in his home his parents had gotten divorced cortez had moved from arizona to champagne and so a lot of that caused difficulties his life throughout school he had a reading disability and took special education courses there was undisputed testimony from the psychiatrist that at the time of the offense he was under the extreme influence of that disorder and it's really significant that this psychiatrist who evaluated cortez did so as an adolescent treating him as an adolescent there was also undisputed testimony from the drug addictions counselor that cortez had abused drugs and alcohol as a minor and this counselor estimated cortez's emotional development as that of a 14 or 15 year old at the same time there were signs of that he could be rehabilitated he worked at a grocery store where he was trusted with great sums of money there was a teacher who testified at the hearing that cortez could succeed in school if given the opportunity there was a jail administrator who said that in the lead-up to the sentencing hearing cortez had adjusted well to incarceration so based on these facts cortez has shown an arguable claim uh an arguable as applied constitutional challenge that would entitle him to go back to the trial court and further develop the claim as the court said he could do in harris a defendant could do at harris to um show how the of miller applies to his particular circumstances i'd like to address a few of the arguments made in the state's brief before you do that council may i interrupt uh you're asking for a remand uh so that uh that uh can be developed uh in the trial court in terms of the uh the the uh the youthful uh characteristics uh that should in this case uh why shouldn't we also look at the uh uh the remainder of miller which uh deals more with the adequacy of the sentencing hearing and uh whether or not the trial court found uh a defendant to be without rehabilitative potential why can't we look at that now as well um if this court looks at a number of the appellate court decisions addressing this kind of have come around to say that that puts the cart before the horse um where the defendant has shown um has made a showing that the miller factors apply to his case um it's appropriate to send the case back for development on that issue but doesn't the defendant have to establish both of those uh uh factors in order to obtain relief uh uh uh what you're requesting in terms of the uh your client being a youthful offender and then also that the sentencing hearing was non-compliant with uh miller ultimately he will have to make that showing yes um if you look at the first district's decisions and johnson and ruiz they break those two inquiries apart and say that the defendant first has to make this initial showing um and only then later does the court determine whether the sentencing hearing was miller compliant but even looking at cortez's sentencing hearing i don't think you can say that his sentencing hearing was miller compliant this was decided in 1990 long before the juvenile brain research had been announced long before miller had been decided and before this had been incorporated into the case law there was an extent i'm sorry they're still in that sentencing hearing it was a three-day sentencing hearing is that right i think so uh there was substantial uh evidence and mitigation regarding uh the uh your client's uh youthful uh traits the characteristics uh level of maturity and extensive argument uh made in that same respect uh why can't we look at that and make the determination whether or not it was miller compliant or not well we could look at the court's findings in that sentencing and those really negate any conclusion that the court gave adequate miller type consideration to that evidence the court said that it was finding him um that it would not impose the death penalty because there were sufficient mitigating factors to preclude the death penalty and from then on uh said that the case was so brutal and heinous that it would impose natural life under that factor the court didn't mention cortez's young age the court didn't mention any of the mitigating evidence that i spoke of at the outset of this argument so i think it would be very difficult to say that a case that occurred in 1990 where the trial court you know mentioned none of this evidence that the court gave it the kind of consideration that we would now require under miller it's also important to note that you know looking at the case law that's developed over the last year or two since harris a number of these cases have been sent back to the trial court on successive post-conviction so defendants there have to meet the higher burden of cause and prejudice in order to get their case sent back here cortez only has to show an arguable claim has to show that his claim is not indisputably meritless and given the evidence that i spoke of that suggests he had the development of a juvenile and given the trial court's complete lack of consideration express consideration of this evidence it's at least arguable that he had the brain of a juvenile and such that the life sentence would be improper and that's why it would be the correct remedy to send this back down to the trial for further development isn't it the case that council defense council argued that the trial court made a mistake by saying you were wrong to say he has no rehabilitative potential here the court the court rejected that i mean it indicates that's one of the things that he did consider and inherent in that rehabilitative potential is the notion that no this crime is too serious it was too awful it was too heinous and it was premeditated it wasn't just being impetuous so looking at i guess indeed the trial attorney did make those arguments the trial court didn't comment upon them at all i think it's hard to say that the trial court gave them the adequate consideration that we would now require under miller and if you look at again the recent cases addressing similar issues there have been a lot of really really terrible crimes and defendants are still allowed to pursue these as applied challenges if you look at a case like franklin that was abuse of a six month old child daniels was a woman who had been dragged into the bushes in a park sexually violently so i mean these are all going to be bad crimes and so what's important is that the defendant have the opportunity to show that he has the potential for rehabilitation such that even though this was a bad crime a life sentence would be improper and that's the case with you know the cases i spoke of and just this whole miller line of cases these defendants who were sentenced to natural life are often convicted of terrible crimes but as the court said in miller and again in montgomery even defendants who commit heinous crimes can still you know become a productive member of society and it would be improper to at the outset say that they're incapable of rehabilitation that's the whole premise of miller and that line of cases and i guess that goes to one of the things that the state argued in its brief that there's some sort of inconsistency in cortez's argument that this was an immature crime and yet cortez has the potential for rehabilitation but that's the whole point of miller in those lines of in that line of cases is that you know juveniles have an underdeveloped brain they're and so they can commit these terrible crimes and yet those characteristics are not permanent juveniles can grow and become again productive members of society so there's nothing at all inconsistent about cortez's argument here in this case again all we're asking for is the opportunity to go back to the trial court to develop the record on his claim the state also points out really emphasizes throughout its brief the fact that cortez hasn't taken responsibility for this crime frankly i think that's an absurd argument considering that cortez was arrested and immediately cooperated with police even accompanied them back to the crime scene a few short months after being charged he pled guilty an open plea to first-degree murder knowing that the death penalty was on the table and he's consistently acknowledged from the time he spoke to police to his post-conviction petition that he is the person who brought about the victim's death in this case i think what the state is concerned about is the fact that cortez says he never intended to kill the victim but really speaks to the guilty plea in this case cortez pled guilty to count two which is knowing murder he did not plead guilty to count one which requires the specific intent to kill there's no requirement that a defendant accept responsibility in order to make this kind of as applied challenge but even if that were a factor to be considered cortez here has certainly taken responsibility for his crime there's evidence from the psychiatrist that cortez was one of the most remorseful people he had ever evaluated in his time as a forensic psychiatrist so that factor shouldn't be a bar to relief in this case um if this court has no other questions i will reserve my time for rebuttal thank you counsel mr mcneil you may proceed may it please the court council um i brought up the circumstances of a defendant's culpability in this crime because it was the same 30 years later as it was at his sentencing hearing he argued that this was a botched robbery and that the victim was the initial physical cause the initial physical confrontation and this was a sort of self-defense on defendant's part he maintains that absurd story even 30 years later when he's supposed to be showing a developed brain capability and all of those things um as a as an almost 50 year old um that that should be considered by the trial court as um evidence of defendant's non-rehabilitative potential lack of rehabilitative potential but before we get to the i think that the trial court correctly determined that the language harris is not a a save all for any as applied proportionate penalties challenge harris specifically rejected the defendant's proportionate penalties challenge in that case and harris stated flatly that the miller factors do not apply to someone over the age of 18 there's never been a supreme court case yet and um i know house is up for a pla and will probably be the first one to uh tackle this issue but so far there's no illinois supreme court authority or u.s supreme court authority that applies miller to uh those over the age of 18 and i don't see why the language that harris uses in the eighth amendment section of its opinion wouldn't apply equally to the proportionate uh harris involved a facial challenge as opposed to an as applied constitutional challenge um was i think the was the proportionate penalties uh argument also a facial challenge or was that as applied in harris i think it was i think the eighth amendment challenge was facial and the proportionate penalties was as applied which is why all of these um cases post harris are are fashioning these as as applied proportionate penalties arguments i i could be incorrect but i won't swear to it but uh that was my memory okay um i think but when you read the harris language with the illinois legislatures as justice connect brought up in more um the sentencing structure is best left to the legislature section 4.5-105 cited in my brief it's literally titled sentencing of individuals under the age of 18 at the time of the commission of an offense this was a canonization a statutory uh application in response to miller this basically made the miller factor statutory in illinois and they clearly don't apply to those over the age of 18 by the title of the of the statutory section um so if we if we take this to this conclusion on all of these cases um the sentencing courts are going to have a quagmire on their hands with what the applicable sentencing range is especially since section 4.5-105 doesn't apply to these defendants they were over the age of 18 at the time of the offense um and again house is up for pla i've done a lot of these cases and argued similar cases before this court recently it may very well be favorable to the defendant i don't think it will be i think the factual and other cases ultimately end up in defendant's favor then the defendant like in this case will have a clear-cut successive post-conviction remedy because those cases obviously wouldn't have existed at the time they filed their initial post-conviction petition so cause and prejudice will presumably be established and allowed for any post-conviction or successive post-conviction petition but as of here as of the way that the authority uh in illinois is now reading it with the statutory uh sentencing section the trial court here correctly dismissed this as frivolous and patently without merit if we do want to get to this the facts and circumstances this is an especially bad case for an as applied proportionate penalties challenge there's no way this natural life sentence shocks the moral conscience of the community when uh this defendant brutally stabbed a college girl over a dozen times with with at least six of them being in the back this of course is why the trial court flatly rejected the sentencing court flatly rejected defendant's absurd story about this being some sort of self-defense and a botched robbery um he was a sole perpetrator here unlike house where the defendant was an accomplice who was not even present when the person was murdered and the person who actually pulled the trigger ended up receiving a shorter sentence this is the exact opposite of house sole perpetrator an especially brutal and heinous crime and the fact that this sentencing hearing was three days long defendant had multiple witnesses testify on his behalf defense counsel's primary thrust as to why the trial court should show leniency and sentencing was based on defendant's young age and the trial court specifically considered it stated it considered everything that's been presented to me in these proceedings and uh it balanced that with the nature and circumstances of the offense which is proper so even assuming miller applies here i would say that this um this this sentencing hearing was miller compliant and the nature and circumstances of this offense show that this was not a proportionate penalties violation based on the brutal and heinous nature of the murder and uh i would ask this court to affirm the the trial court's dismissal of the post-conviction petition if there are no more other questions thank you counsel we'll hear from the appellant on rebuttal thank you your honors um i guess to start harris indeed rejected the facial challenge that was made under the eighth amendment but it explicitly allowed an as applied challenge under the proportionate penalties clause uh it said the record was not sufficiently developed in that case and the state's argument transporting the facial the challenge the rejection of the facial challenge to the proportionate penalties argument which the supreme court allowed to go forward i mean the state's argument is kind of what burke talked about in her dissent but the majority opinion is the law here and if you accept the state's argument you could never have cases like savage or franklin or daniels or ruiz or johnson or bland or minifield or cara squillo all of these cases over the last year or two that have allowed as applied challenges to go forward they were often brutal crimes they were all sentences of natural life or de facto natural life and the appellate courts in each of those cases said it's improper to make a final determination as to the appropriateness of the sentence until the defendants had the opportunity to develop the record here we have a showing that cortez was similar to that of a juvenile he was evaluated as a juvenile by the psychiatrist he was estimated to have the emotional development of a 14 or 15 year old he grew up in a broken home he was just over the line of adulthood still age of 18 all of these facts suggest that it's at least arguable that it's not indisputably meritless or fanciful that he could ultimately prevail on an as applied challenge with regard to his testimony or his cortez's account of the crime um he never made a self-defense claim he pled guilty to first-degree murder his account of this was that he never intended to kill her he explained that he was trying to get back it was a retaliation for her rejecting his advances and in that sense it was an emotion an immature impulsive crime he said he was trying to push her away and forgot he had the knife in yes yeah and there's no evidence uh i mean all that we have here is his testimony there's no other evidence about what occurred at the time other than his testimony i figured the six stab wounds in the back pretty well tell the story indeed she was killed and he was found uh guilty of her first degree murder and everything that you say needs to be brought out was brought out but not given the consideration and again it would be improper to not allow him to develop this record we're here at a first stage post-conviction petition as compared to the other successive post-conviction petitions that have allowed this to go forward cortez has uh certainly an arguable claim that his development is similar to that of a juvenile your argument is every case pre-miller is entitled to go back oh no not at all not at all basically that's it because you're saying that unless you clearly lay out the indication that the defendant is irretrievably depraved permanently incorrigible or irreparably corrupt on the record that they're point to evidence in the record to make some sort of initial showing we have that here if you look at for example this court's recent case in more that was a case where the defendant made i think the argument that you're suggesting simply broadly concluded that his 19 year old brain was similar to that of a juvenile and this court held correctly i think that that's not enough to get you a hearing on an as applied challenge you have to be able to point to evidence in the record here there's ample evidence in the record that his individual circumstances were similar to that of a juvenile all of which the court indicated it considered right and if you look at cases like franklin and bland that i've cited in the brief the appellate court has rejected that precise point because this was a hearing that was done in 1990 which takes me back to my point you're basically saying all pre-miller cases need to go back and have an opportunity for post-conviction petition not no not necessarily many of them will be allowed to have the opportunity to develop the claim i see that my time is up again i would ask the court to remand this case for the opportunity to develop his claim on his as applied challenge in the very manner that the thank you counsel we'll take the matter under advisement